IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Crystal Wilson, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 3149 |
| Credit Control, LLC, a Missouri limited liability company, and United Debt Holding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Crystal Wilson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Crystal Wilson ("Wilson"), is a citizen of the State of Pennsylvania, from whom Defendants attempted to collect a delinquent consumer debt owed to Ameritech/Non Prime, despite the fact that she was represented by the legal

aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Credit Control was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Credit Control is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Credit Control conducts business in Illinois.

6. Defendant Credit Control is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Credit Control acts as a collection agency in Illinois.

7. Defendant, United Debt Holding, LLC ("United"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, United was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendant United is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit C. In fact, Defendant United conducts business

in Illinois.

9. Defendant United is licensed as a debt collection agency in the State of Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>D</u>. In fact, Defendant United acts as a collection agency in Illinois.

10. Defendant United is a bad debt buyer, which specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect. Defendant United buys debts on a nationwide basis and attempts to collect debts from consumers throughout the United States, including from thousands of consumers in Illinois.

**FACTUAL ALLEGATIONS**

11. Ms. Wilson is a senior citizen with limited assets and income, who fell behind on paying her bills. At some point in time, Defendant United bought Ms. Wilson's Ameritech/Non Prime debt after she defaulted on it, and when Defendants began trying to collect it from Ms. Wilson, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

12. On April 6, 2010, one of Ms. Wilson's attorneys at LASPD informed Defendants, in writing, that Ms. Wilson was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Wilson was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit <u>E</u>.

13. Nonetheless, Defendants sent a collection letter, dated April 19, 2010, directly to Ms. Wilson, in which they continued to demand payment of the

Ameritech/Non Prime debt. A copy of this letter is attached as Exhibit F.

14. Accordingly, on May 10, 2010, Ms. Wilson's LASPD attorney had to send Defendants another letter, demanding that they cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

15. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communication And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Ms. Wilson's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit E). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23.     Defendants knew that Ms. Wilson was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendants, in writing (Exhibit E), that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Wilson.  By directly sending Ms. Wilson the April 19, 2010 letter (Exhibit F), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Crystal Wilson, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Wilson, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Crystal Wilson, demands trial by jury.

                                        Crystal Wilson,

                                        By: /s/ David J. Philipps
                                        One of Plaintiff's Attorneys

Dated:  May 21, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com